## COMPROMISE AND SETTLEMENT AGREEMENT

**The parties acknowledge and agree that this Agreement is subject to the approval of the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division, with notice and the opportunity for a hearing. If the United States Bankruptcy Court does not approve this Agreement for any reason or no reason, this Agreement shall be without any legal or evidentiary effect.**

THIS COMPROMISE AND SETTLEMENT AGREEMENT (this "**Agreement**") is made and entered into as of June __, 2014, by and among the following parties:

i.      Imperial Auto Protection, LLC ("**IAP**"), is a Missouri member-managed limited liability company engaged in the business of selling vehicle service agreements and/or extended service warranty plans to consumers in all states except Washington, Oregon and California and has three members holding an equal interest: Richard Hagan, Sherry Lynn Nelson and Christopher Senn;

ii.     Royal Auto Protection, LLC ("**RAP**"), is an Illinois member-managed limited liability company engaged in the business of selling vehicle service agreements and/or extended service warranty plans to consumers in California and has three members holding an equal interest: Richard Hagan, Sherry Lynn Nelson and Christopher Senn;

iii.     Gateway Auto Protection, LLC ("**GAP**"), is a Missouri member-managed limited liability company engaged in the business of selling vehicle service agreements and/or extended service warranty plans to consumers in all states except Washington, Oregon and California and has three members holding an equal interest: Richard Hagan, Michael Thomas Nelson and Christopher Senn;

iv.     Richard Hagan ("**Hagan**");

v.     Sherry Lynn Nelson ("**Sherry Nelson** ");

vi.     Christopher Senn ("**Senn**"); and

vii.     Michael Thomas Nelson ("**Michael Nelson**").

Sherry Nelson, Senn and Michael Nelson are sometimes hereinafter collectively referred to as the "**Nelson-Senn Parties.**"

### RECITALS

A.     Hagan, Sherry Nelson and Senn entered into the Operating Agreement of Imperial Auto Protection, LLC (the "**IAP Operating Agreement**") dated January 17, 2012.



B.      Hagan, Sherry Nelson and Senn entered into the Operating Agreement of Royal Auto Protection, LLC (the "**RAP Operating Agreement**") dated February 28, 2013.

C.      Hagan, Michael Nelson and Senn entered into the Operating Agreement of Gateway Auto Protection, LLC (the "**GAP Operating Agreement**") dated December 23, 2013.

D.      On February 26, 2014, Hagan filed a derivative suit in the Circuit Court of St. Charles County, Missouri, Eleventh Judicial Circuit, Case No. 1411-CC00180, styled in the following manner and referred to as the "**State Court Case**": *Richard Hagan, individually and on behalf of Imperial Auto Protection, LLC, Royal Auto Protection, LLC, and Gateway Auto Protection, LLC, Plaintiffs, v. Michael Thomas Nelson, Sherry Lynn Nelson and Christopher Patrick Senn, Defendants.* The State Court Case alleged, inter alia, that Michael Nelson, Sherry Nelson and Senn engaged in illegal, oppressive and fraudulent conduct and committed numerous defalcations and breaches of fiduciary duty, for which legal and equitable relief was sought, including, but not limited to, dissolution and wind up of IAP, RAP and GAP (the "**Hagan Claims**").

E.      On April 8, 2014 a Preliminary Injunction Order was entered in the State Court Case, which, among other things, contains findings by the State Court that the Nelson-Senn Parties had: (i) illegally locked Hagan out of the operations and management of IAP and RAP, (ii) acted in a manner that was oppressive, fraudulent and unfairly prejudicial towards Hagan, (iii) engaged in self-dealing to the detriment of IAP, RAP and Hagan, (iv) caused or permitted Michael Nelson to hold himself out to third parties as a member of IAP and RAP, (v) taken unilateral actions in absence of convening meetings of the members of IAP and RAP and/or obtaining the required vote of the members of IAP and RAP, and (vi) failed and refused to provide Hagan with a full accounting.

F.      On April 15, 2014 Hagan filed Plaintiffs' Motion for Contempt and for Order to Show Cause for Violation of Preliminary Injunction Order and (Second) Motion for Temporary Restraining Order, which were scheduled to be heard by the State Court on April 18, 2014.

G.      On April 17, 2014 IAP filed a Chapter 11 Voluntary Petition for Relief in the United States Bankruptcy Court for the Eastern District of Missouri ("**Bankruptcy Court**"), Case No. 14-43062-659 (the "**IAP Bankruptcy Case**"). Hagan disputes the authority of Sherry Nelson and Senn to file the IAP Bankruptcy Case.

H.      On April 17, 2014 RAP filed a Chapter 11 Voluntary Petition for Relief in the Bankruptcy Court, Case No. 14-43063-659 (the "**RAP Bankruptcy Case**"). Hagan disputes the authority of Sherry Nelson and Senn to file the RAP Bankruptcy Case.

I.      On April 18, 2014, attorneys for the Nelson-Senn Parties filed for Debtor IAP and Debtor RAP a Joint Notice of Removal of the State Court Case with the Clerk of the Bankruptcy Court which was assigned Adversary Proceeding No. 14-04075 in Debtor IAP's case and Adversary Proceeding No. 14-04076 in Debtor RAP's case.

J.      IAP, RAP, GAP, Hagan, and the Nelson-Senn Parties desire to fully and completely resolve their disputes relating to IAP, RAP and GAP.

NOW, THEREFORE, for and in consideration of the covenants, promises, and agreements contained herein, the receipt, adequacy, and sufficiency of which are hereby acknowledged, the parties, intending to be legally bound, agree as follows:

## 1.    Incorporation of Recitals Into Agreement

The recitals set forth above are contractual and not mere recitals. The recitals set forth above are incorporated into this Agreement by this reference and made a part hereof.

## 2.    Settlement Amount

The Nelson-Senn Parties, IAP, RAP and GAP shall pay to Hagan the amount of Three Hundred Thousand and 00/100 Dollars ($300,000.00) (the **"Settlement Amount"**) and any **Penalty Payments** described hereinbelow in full and complete satisfaction of the Hagan Claims *upon the entry of an order in the Bankruptcy Court approving this Agreement and approving the dismissal of the IAP and RAP bankruptcy cases.* The Nelson-Senn Parties, IAP, RAP and GAP shall pay the Settlement Amount and any Penalty Payments to Hagan as follows: (1) One Hundred Fifty Thousand Dollars ($150,000.00) by cashier's check to Hagan upon the entry of the orders described above in this paragraph; (2) twelve (12) monthly installments of $8,333.33 each, by cashier's check, which are due and payable on the first calendar day of each month, beginning on August 1, 2014 and continuing on the 1st day of each month thereafter until July 1, 2015; (3) the remaining balance of the Settlement Amount, $50,000.00 by cashier's check, on July 1, 2015; and (4) any Penalty Payments as described hereinbelow. The Nelson-Senn Parties, IAP, RAP and GAP shall be jointly and severally liable for the payment of the Settlement Amount and Penalty Payments, and if the Settlement Amount and Penalty Payments are not paid pursuant to the terms of this Agreement, the Nelson-Senn Parties, IAP, RAP and GAP shall be jointly and severally liable for the payment of the Consent Judgment.

These payments may be made in whole or in part by Imperial, Royal and/or Gateway through loans to or loans guaranteed by Imperial, Royal and/or Gateway and/or through member distributions or payments to Senn, Michael Nelson and/or Sherry Nelson but not to Hagan and Hagan consents to the foregoing so long as it results in no personal liability to Hagan.

## 3.    Dismissal of IAP and RAP Bankruptcy Cases; Consent Judgment in State Court Case to be Entered in the Event of an Uncured Default

As part and parcel of the execution of this Agreement, (i) the Nelson-Senn Parties shall cause Debtors IAP and RAP to file a Motion for Voluntary Dismissal of the two Chapter 11 bankruptcy cases; (ii) the Nelson-Senn Parties, IAP, RAP and GAP shall execute the consent judgment in the form attached hereto as **Exhibit A** (the "Consent Judgment") and deliver same to Hagan's bankruptcy counsel, Rebecca Case, along with the original execution of this Agreement with the understanding and agreement that the Consent Judgment shall be recorded by Hagan's counsel, Joy McMillen, with the State Court *only upon the entry of an order in Bankruptcy Court approving this Agreement and approving the dismissal of the IAP and RAP bankruptcy cases and a Notice of Default being given and not cured within fifteen (15) days as described below.* A default by any of the Nelson-Senn Parties, IAP, RAP or GAP under the Consent Judgment shall constitute a breach of this Agreement.

3

## 4.     Default by Nelson-Senn Parties

If the Nelson-Senn Parties, IAP, RAP and GAP fail to pay the Settlement Amount described in Paragraph 2 above, Hagan will mail a Notice of Default pursuant to paragraph 12 of this Agreement to the Nelson-Senn Parties, IAP, RAP and GAP and their respective attorneys in this bankruptcy case. The Nelson-Senn Parties, IAP, RAP and GAP will have fifteen (15) days from the date the Notice of Default is mailed to cure the default by delivering the missed payment and a Penalty Payment of $2,000.00 in the form of a cashier's check to Hagan. If the Nelson-Senn parties, IAP, RAP and GAP fail to cure the default within fifteen (15) days after the mailing of the Notice of Default, *then the balance of the Consent Judgment shall immediately become due and payable,* and Hagan shall be authorized to immediately commence execution upon the Consent Judgment against any or all of the Nelson- Senn Parties, IAP, RAP and GAP *for the full remaining balance of Consent Judgment.* In addition, the Nelson-Senn Parties, IAP, RAP and GAP shall also be jointly and severally liable for the payment of any and all reasonable attorneys' fees and costs incurred by Hagan as a result of a default by the Nelson-Senn Parties, IAP, RAP and GAP *which shall increase the Settlement Amount.*

The Consent Judgment will be reduced by the amount of the payments previously made and will be increased by any unpaid Penalty Payments, attorneys' fees and costs provided for in this Agreement or the Consent Judgment and Order, and the post-judgment interest provided for in the Consent Judgment and Order.

## 5.     Release, Covenant Not to Sue, Indemnification by Nelson-Senn Parties

The Nelson-Senn Parties each hereby release, acquit and forever discharge Hagan, his heirs, successors, assigns, agents, servants, attorneys, accountants, representatives and employees, and all persons, natural or corporate, in privity with Hagan, from any and all claims or causes of action of any kind whatsoever, at common law, statutory or otherwise, which any of the Nelson-Senn Parties have or might have, or that might arise hereafter, directly or indirectly which arise prior to the entry of the orders approving the Agreement and approving the dismissal of the bankruptcy cases. However, nothing herein shall release any claim arising from a breach of this Agreement.

The Nelson-Senn Parties hereby covenant not to sue Hagan for any claims released by the Nelson-Senn Parties under this Agreement.

The Nelson-Senn Parties, jointly and severally, hereby agree to defend, hold harmless and indemnify Hagan from and against any and all liabilities, demands, claims, suits, actions, judgments, settlements, expenses, legal fees, fines, penalties and any other amounts actually incurred in connection with any legal proceedings brought against Hagan relating to and/or arising from Hagan's employment by, membership in and/or ownership of IAP, RAP and/or GAP, including without limitation any claim(s) that any party, including but not limited to IAP, RAP, GAP and/or any of their respective creditors, may hereinafter assert against Hagan for any actual or alleged preferential payments as defined by 11 U.S.C. §547 and/or fraudulent transfers as defined by 11 U.S.C. Section 548, and any claims, demands or suits to enforce any guaranty that Hagan provided to any third parties so as to secure, whether in whole or in part,

4

any debts or obligations of IAP, RAP and/or GAP and excluding any claims arising from any criminal actions.

Within ten (10) days of the entry of the Order approving this Agreement and approving the dismissal of the IAP and RAP bankruptcy cases, the Nelson-Senn Parties shall cause every third party, to whom Hagan provided a written guaranty so as to secure, whether in whole or in part, any debts or obligations of IAP, RAP and/or GAP, to release Hagan from said guaranty(s), and the Nelson-Senn Parties shall provide Hagan with a written copy of each said release.

## 6.    Release, Covenant Not to Sue and Indemnification by IAP, RAP and GAP

IAP, RAP and GAP, each and on behalf of themselves and their respective members, employees, legal representatives, agents, successors and assigns, hereby release, acquit and forever discharge Hagan, his agents, servants, attorneys, accountants, representatives and employees, and all persons, natural or corporate, in privity with Hagan, from any and all claims or causes of action of any kind whatsoever, at common law, statutory or otherwise, which any of them has or might have, or that might arise hereafter, which are related to and/or arise from Hagan's employment by and/or membership in IAP, RAP and/or GAP and which arise prior to the entry of the orders approving the Agreement and approving the dismissal of the bankruptcy cases.  However, nothing herein shall release any claim arising from a breach of this Agreement.

IAP, RAP and GAP each hereby covenant not to sue Hagan for any claims released by them under this Agreement.

IAP, RAP and GAP, jointly and severally, hereby agree to defend, hold harmless and indemnify Hagan from and against any and all liabilities, demands, claims, suits, actions, judgments, settlements, expenses, legal fees, fines, penalties, damages of any kind, and any other amounts actually incurred in connection with any legal proceedings brought against Hagan relating to and/or arising from Hagan's employment by, membership in and/or ownership of IAP, RAP and/or GAP, including without limitation any claim(s) that IAP, RAP, GAP and/or any of their respective creditors, may hereinafter assert against Hagan for any actual or alleged preferential payments as defined by 11 U.S.C. §547 and/or fraudulent transfers as defined by 11 U.S.C Section 548 and excluding any claims arising from criminal actions.

## 7.    Release of Hagan from Restrictive Covenants

IAP, RAP and GAP, each and on behalf of themselves and their respective members, employees, legal representatives, agents, successors and assigns, hereby release Hagan from any and all restrictive covenants, including but not limited to any covenant not to compete and/or any covenant not to solicit, into which Hagan may have previously entered with IAP, RAP and/or GAP.

Hagan will not reveal or use a current customer list from IAP, RAP or GAP to solicit or market customers.  IAP, RAP and GAP acknowledge that Hagan and IAP, RAP and GAP may purchase data from third parties which may contain the same prospective customer names.

## 8.    Affirmative Representations and Warranties by the Nelson-Senn Parties, IAP and RAP

The Nelson-Senn Parties, IAP, RAP and GAP affirmatively represent, warrant and covenant that if any of the Nelson-Senn Parties, IAP or RAP initiate any proceedings in any bankruptcy

court, file any petition and/or other pleading in any bankruptcy court, and/or otherwise seek any type of relief in bankruptcy court, the Nelson-Senn Parties, IAP and RAP agree that nothing herein prohibits Hagan from pursuing his claim against the Nelson-Senn Parties for defalcation while acting in a fiduciary capacity within the meaning of 11U.S.C. §523(a)(4) and establishing by the preponderance of the evidence that the debts and obligations of the Nelson-Senn Parties under this Agreement are non-dischargeable. Nothing herein shall be construed as an admission by the Nelson-Senn Parties, IAP, RAP or GAP that the Nelson-Senn Parties have violated any fiduciary duty to Hagan and nothing herein shall be deemed to result in Hagan waiving any claim for violation of a fiduciary duty in the event a default occurs, is not cured and a bankruptcy case is filed as described above. (See **Exhibit "E"**)

9.      **Assignment of Membership Interests/ Satisfaction of Judgment**

Upon the payment of the $150,000.00 to Hagan by the Nelson-Senn Parties, IAP, RAP and GAP and the transfer by the Nelson-Senn Parties, IAP, RAP and GAP to Hagan of all of the property identified in the attached **Exhibit "B"**,the executed Assignment of Hagan's Membership Interests in IAP, RAP and GAP, **Exhibits C-1, C-2 and C-3**, and the Release of Hagan's claims, with a carve out therefrom for any claims or rights that Hagan may have against the Nelson-Senn Parties, IAP, GAP and RAP for a breach of this Agreement and/or any obligations that the Nelson-Senn Parties, IAP, RAP or GAP have under this Agreement, **Exhibit "E",** will be tendered by Hagan to the Nelson-Senn Parties, IAP ,RAP and GAP. Within fifteen (15) business days after the Nelson-Senn Parties, IAP, RAP and GAP pay the full Settlement Amount and any Penalty Payments and transfer the property identified in the attached **Exhibit "B"**, Plaintiff's Memorandum of Dismissal, **Exhibit "D"** will be tendered to the State Court to be entered. Hagan will transfer and assign his interest to the individual or entity designated by the Nelson-Senn Parties, IAP, RAP and GAP.

10.     **No Admission of Liability.**

In entering into this Agreement, Hagan, the Nelson-Senn Parties, IAP, RAP and GAP admit no liability on account of any matter covered by this Agreement. The parties enter into this Agreement solely for the purposes of compromise and settlement, to buy peace, and to avoid and reduce the hazards, expenses, and uncertainties of litigation. However, nothing in this Agreement shall release anyone from liability arising out of any breach of this Agreement.

11.     **Modification.**

This Agreement may not be modified in any manner except by written agreement signed by all parties hereto.

12.     **Notices.**

All notices, requests, demands and other communications hereunder shall be given in writing and shall be sent by U.S. first class mail, postage prepaid. The respective addresses to be used for all such notices, demands or requests are as follows:

6

If to Richard Hagan
Doster Ullom, LLC
Attn: Joy D. McMillen
16090 Swingley Ridge Road
Suite 620
Chesterfield, MO  63017

Richard Hagan
1057 Pearview Drive
St. Peters, MO 63376

If to Nelson-Senn Parties, IAP or RAP
Schultz & Associates LLP,
Attn: Ronald J. Eisenberg
640 Cepi Drive
Suite A
Chesterfield, MO 63005

Sherry Nelson
Michael Nelson
Christopher Senn
Imperial Auto Protection, LLC
Royal  Auto Protection, LLC
Gateway Auto Protection, LLC
1529 Old Hwy 94, Suite 108
St. Charles, MO 63303

A party may change its address for the purposes of this Agreement by giving notice thereof in accordance with this Paragraph.

### 13.     Governing Law.

This Agreement shall be construed, interpreted, and in all respects governed in accordance with the laws of the State of Missouri, without regard to the law of conflicts.

### 14.     Entire Agreement.

This Agreement, including the exhibits hereto, constitute the entire agreement between the parties and supersedes all prior and contemporaneous agreements and understandings of the parties with respect to the subject matter thereof.

### 15.     Binding Agreement.

This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors, heirs and assigns.  It is expressly understood and agreed that the terms hereof are contractual and not merely recitals and that the agreements herein and the consideration transferred is to avoid additional litigation.

### 16.     Consultation with Counsel.

The parties acknowledge that they are represented by counsel, that each of them has had the opportunity to consult with counsel of their own choosing, that each of them has fully read this Agreement, and that each of them understands the terms of this Agreement.

### 17.     Authority.

The individuals executing this Agreement each represent and warrant that they are of legal age and legally competent and duly authorized to execute this Agreement, that they do so by their own free will and accord, without reliance on any representation of any kind or character not expressly set forth herein.

**18.**    <u>Attorney's Fees</u>.

In the event of litigation arising out of or pertaining to this Agreement, the prevailing party or parties shall be entitled to receive its attorneys' fees and costs from the non-prevailing party or parties.

In addition, the Nelson-Senn Parties, IAP, RAP and GAP shall also be jointly and severally liable for the payment of any and all attorneys' fees and costs and Penalty Payments incurred by Hagan as a result of the Nelson- Senn Parties' default as described in paragraph 4 above.

**19.**    <u>Construction of this Agreement</u>

The parties to this Agreement acknowledge and agree that the terms of this Agreement were drafted by and are the product of mutual negotiation and compromise, and that the terms of this Agreement shall be construed fairly as to all parties hereto and shall not be construed in favor or against any particular party hereto based upon which of said parties was responsible for any particular language in this Agreement.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement below:

**THIS AGREEMENT CONTAINS CONSENT TO ENTRY OF A JUDGMENT ENFORCEABLE BY ITS TERMS AS DOCUMENTED IN PARAGRAPH 3 ABOVE BUT ONLY IF A DEFAULT OCCURS AND IS NOT TIMELY CURED PURSUANT TO THE TERMS OF THIS AGREEMENT.**

**IMPERIAL AUTO PROTECTION, LLC**

By:_____
      **Sherry Lynn Nelson, Member**

      _____
      **Christopher Patrick Senn, Member**

**ROYAL AUTO PROTECTION, LLC**

By:_____
      **Sherry Lynn Nelson, Member**

      _____
      **Christopher Patrick Senn, Member**

**GATEWAY AUTO PROTECTION, LLC**

By:_____
      **Michael Thomas Nelson, Member**

      _____
      **Christopher Patrick Senn, Member**

8

_____
Richard Hagan, individually

_____
Sherry Lynn Nelson, individually

_____    _____
Michael Thomas Nelson, individually

_____
Christopher Senn, individually

STATE OF MISSOURI        )
                         )   SS.
COUNTY OF ST. LOUIS      )

On this _____ day of June, 2014, before me, a Notary Public in and for said State, personally appeared Richard Hagan, known to me to be the person who executed the within Compromise and Settlement Agreement and acknowledged to me that he executed the same for the purpose therein stated.

_____
Notary Public

(NOTARIAL SEAL)

My Commission Expires:

STATE OF MISSOURI        )
                         )   SS.
COUNTY OF ST. LOUIS      )

On this _____ day of June, 2014, before me, a Notary Public in and for said State, personally appeared Sherry Lynn Nelson, known to me to be the person who executed the within Compromise and Settlement Agreement and acknowledged to me that she executed the same for the purpose therein stated.

_____
Notary Public

(NOTARIAL SEAL)

My Commission Expires:

STATE OF MISSOURI       )
                        )  SS.
COUNTY OF ST. LOUIS     )

On this _____ day of June, 2014, before me, a Notary Public in and for said State, personally appeared Michael Thomas Nelson, known to me to be the person who executed the within Compromise and Settlement Agreement and acknowledged to me that he executed the same for the purpose therein stated.

_____
Notary Public

(NOTARIAL SEAL)

My Commission Expires:

STATE OF MISSOURI       )
                        )  SS.
COUNTY OF  ST. LOUIS    )

On this _____ day of June, 2014, before me, a Notary Public in and for said State, personally appeared Christopher Senn, known to me to be the person who executed the within Compromise and Settlement Agreement and acknowledged to me that he executed the same for the purpose therein stated.

_____
Notary Public

(NOTARIAL SEAL)

My Commission Expires:

11

**Exhibit A**

<u>IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI</u>
<u>ELEVENTH JUDICIAL CIRCUIT</u>
<u>STATE OF MISSOURI</u>

| | | |
|---|---|---|
| **RICHARD HAGAN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Cause No. 1411-CC-00180** |
| **v.** | ) | |
| | ) | **Division 5** |
| **MICHAEL THOMAS NELSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>CONSENT JUDGMENT AND ORDER</u>

By agreement and consent of the parties pursuant to the terms of the Compromise and Settlement Agreement attached hereto and incorporated herein as Exhibit "A" and approved by the United States Bankruptcy Court for the Eastern District of Missouri, judgment is hereby entered in favor of Plaintiff Richard Hagan ("Plaintiff") and against Defendants Michael Thomas Nelson, Sherry Lynn Nelson and Christopher Patrick Senn ("Defendants") and Imperial Auto Protection, LLC ("IAP"), Royal Auto Protection, LLC ("RAP") and Gateway Auto Protection, LLC ("GAP"), jointly and severally, in the sum of Three Hundred Thousand 00/100 Dollars ($300,000.00), plus post-judgment interest at the rate of nine percent (9%) per annum plus attorney's fees and costs of collection shall immediately become due and payable, and Plaintiff shall be authorized to immediately commence execution upon the Consent Judgment against any or all of Defendants. The Consent Judgment will be reduced by the amount of the payments previously made and will be increased by any unpaid Penalty Payments, attorneys' fees and costs provided for in this Agreement or the Consent Judgment and Order, and the post-judgment interest provided for in the Consent Judgment and Order.

**SO ORDERED:**

Date:_____

_____
**Circuit Court Judge**

**AGREED TO AND ACCEPTED BY:**

**Defendant Michael Thomas Nelson:**
**By:** _____
**Date:**_____

12

**Defendant Sherry Lynn Nelson**

By:_____

Date:_____

**Defendant Christopher Patrick Senn**

By:_____

Date:_____

**IMPERIAL AUTO PROTECTION, LLC**

By:_____

**Sherry Lynn Nelson, Member**

_____

**Christopher Patrick Senn, Member**

**ROYAL AUTO PROTECTION, LLC**

By:_____

**Sherry Lynn Nelson, Member**

_____

**Christopher Patrick Senn, Member**

**GATEWAY AUTO PROTECTION, LLC**

By:_____

**Michael Thomas Nelson, Member**

_____

**Christopher Patrick Senn, Member**

**Exhibit B**

## ADDITIONAL TRANSFERS OF PROPERTY TO AND FROM HAGAN

*Upon the entry of an order approving this Agreement and the dismissal of the IAP and RAP bankruptcy cases, the Nelson-Senn Parties, IAP, RAP and/or GAP shall:*

1. pay for health insurance from January 1, 2014 through and including September 30, 2014 for Hagan and Hagan's daughter, with eligibility for COBRA coverage thereafter, and provide Hagan with written proof of payments for health insurance premiums and eligibility for COBRA coverage;
2. deliver to Hagan the 24 foot Maxum boat and lift, the written assignment of all rights, title and interest in the 24 foot Maxum boat and lift, free and clear of all liens and encumbrances;
3. subject to the consent of the landlord of the real property known as "4085, which consent the Nelson-Senn Parties, IAP, RAP and GAP shall not cause to be withheld, deliver to Hagan: (i) a written termination of the present 4085 lease; (ii) a written release of Hagan, the Nelson-Senn Parties, IAP, RAP and GAP from any guaranty of the present 4085 lease; (iii) a new written lease offer to Hagan which terms are the same or substantially similar to those terms contained in the present lease; and (iv) deliver a written assignment of all rights, title and interest in and to the personal property and fixtures presently located therein to Hagan; and
4. allow Hagan to retain the computer and tablet presently in the possession of Hagan.

*Upon the entry of an order approving this Agreement and the dismissal of the IAP and RAP bankruptcy cases, Hagan shall:*

1. Deliver his IAP, RAP and/or GAP telephone to the Nelson-Senn Parties, IAP, RAP and/or GAP

14

**Exhibit C-1**

## ASSIGNMENT OF MEMBERSHIP INTEREST
## IN IMPERIAL AUTO PROTECTION, LLC

The undersigned, Richard R. Hagan, presently being a member of Imperial Auto Protection, LLC, ("IAP") a company organized pursuant to the Missouri Limited Liability Company Act, R.S. Mo. Chapter 347, and presently owning 33-1/3 % membership interest in IAP, HEREBY ASSIGNS ALL OF HIS MEMBERSHIP INTEREST in IAP to _____, effective this _____ day of _____ _____, 20___.


_____

Richard R. Hagan


STATE OF MISSOURI        )
                         )
COUNTY OF ST. LOUIS      )

On this _____ day of June, 2014, Richard Hagan appeared in person before me, a Notary Public in and for the State of Missouri, and executed the foregoing Assignment of Membership Interest in Imperial Auto Protection, LLC in my presence and acknowledged to me that he executed it for the purposes stated therein.

In witness whereof, I have hereunto set my hand affixed my official seal in the County and State aforesaid, on the day, month and year hereinabove indicated.


                                        _____
                                        Notary Public

My Commission Expires:

15

**Exhibit C-2**

## ASSIGNMENT OF MEMBERSHIP INTEREST
## IN ROYAL AUTO PROTECTION, LLC

      The undersigned, Richard R. Hagan, presently being a member of Royal Auto Protection, LLC, ("RAP") a company organized pursuant to the Illinois Limited Liability Company Act, and presently owning 33-1/3 % membership interest in RAP, HEREBY ASSIGNS ALL OF HIS MEMBERSHIP INTEREST in RAP to _____, effective this _____ day of _____, 20___.

_____
Richard R. Hagan

STATE OF MISSOURI     )
                         )
COUNTY OF ST. LOUIS  )

      On this _____ day of June, 2014, Richard Hagan appeared in person before me, a Notary Public in and for the State of Missouri, and executed the foregoing Assignment of Membership Interest in Royal Auto Protection, LLC in my presence and acknowledged to me that he executed it for the purposes stated therein.

      In witness whereof, I have hereunto set my hand affixed my official seal in the County and State aforesaid, on the day, month and year hereinabove indicated.

_____
Notary Public

My Commission Expires:

16

**Exhibit C-3**

## ASSIGNMENT OF MEMBERSHIP INTEREST
## IN GATEWAY AUTO PROTECTION, LLC

The undersigned, Richard R. Hagan, presently being a member of Gateway Auto Protection, LLC, ("GAP") a company organized pursuant to the Missouri Limited Liability Company Act, R.S. Mo. Chapter 347, and presently owning 33-1/3 % membership interest in GAP, HEREBY ASSIGNS ALL OF HIS MEMBERSHIP INTEREST in GAP to _____ effective this _____ day of _____, 20___.

_____
Richard R. Hagan

STATE OF MISSOURI          )
                           )
COUNTY OF ST. LOUIS        )

On this _____ day of June, 2014, Richard Hagan appeared in person before me, a Notary Public in and for the State of Missouri, and executed the foregoing Assignment of Membership Interest in Gateway Auto Protection, LLC in my presence and acknowledged to me that he executed it for the purposes stated therein.

In witness whereof, I have hereunto set my hand affixed my official seal in the County and State aforesaid, on the day, month and year hereinabove indicated.

_____
Notary Public

My Commission Expires:

17

**Exhibit D**

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI
## ELEVENTH JUDICIAL CIRCUIT
## STATE OF MISSOURI

RICHARD HAGAN, et al.,                    )
                                          )
    Plaintiffs,              )
                                          )
                                          )   **Cause No. 1411-CC-00180**
v.                                        )
                                          )   **Division 5**
MICHAEL THOMAS NELSON, et al.,            )
                                          )
    Defendants.              )

### MEMORANDUM OF DISMISSAL

All parties to this litigation, by and through their undersigned counsel, hereby dismiss

with prejudice all claims or causes of action asserted pursuant to Missouri Supreme Court Rule

67.01. Each party bears their own costs.


By: _____
    Richard Hagan


                                        Respectfully submitted,
                                        **DOSTERULLOM, LLC**


By: _____      By: _____
    Robert Schultz                            Joy D. McMillen MBEN 42822
    Schultz & Associates LLP                Jeffrey B. Hunt, MBEN 33349
    640 Cepi Dr, Suite A                   16090 Swingley Ridge Road, Suite 620
    Chesterfield, Missouri 63005-1221      Chesterfield, Missouri  63017
    Telephone: (636) 537-4645             Telephone: (636) 532-0042
    Facsimile:  (636) 537-2599             Facsimile:  (636) 532-1082
    Email:   rschultz@sl-lawyers.com      Email:   jmcmillen@dosterullom.com
                                                        jhunt@dosterullom.com

                                    ATTORNEYS FOR PLAINTIFFS/PETITIONER

Not to be filed with the Court until 15 business days after Defendants pay Full Settlement
Amount and any Penalty Payments and transfer property to Hagan

18

**Exhibit E**

## Release by Hagan

Hagan hereby releases, acquits and forever discharges the Nelson-Senn Parties, IAP, RAP and GAP, their respective heirs, successors, assigns, agents, servants, attorneys, accountants, representatives and employees, and all persons, natural or corporate, in privity with Nelson-Senn Parties, IAP, RAP and GAP from any and all claims or causes of action of any kind whatsoever, at common law, statutory or otherwise, which Hagan has or might have, or that might arise hereafter, directly or indirectly which arise prior to the entry of the orders approving the Agreement and approving the dismissal of the bankruptcy case. *However, nothing herein shall release any claim arising from a breach of this Agreement including but not limited to the failure to pay the Settlement Amount or any Penalty Payment. In addition, nothing herein shall release the enforceability of the Consent Judgment if a default has occurred and has not been timely cured. If any of the Nelson-Senn Parties, IAP or RAP initiate any proceedings in any bankruptcy court, file any petition and/or other pleading in any bankruptcy court, and/or otherwise seek any type of relief in bankruptcy court, the Nelson-Senn Parties, IAP and RAP agree that nothing herein prohibits Hagan from pursuing his claim against the Nelson-Senn Parties for defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. §523(a)(4) and establishing by the preponderance of the evidence that the debts and obligations of the Nelson-Senn Parties under this Agreement are non-dischargeable. Nothing herein shall be construed as an admission by the Nelson-Senn Parties, IAP, RAP or GAP that the Nelson-Senn Parties have violated any fiduciary duty to Hagan*

Hagan hereby covenants not to sue the Nelson-Senn parties, IAP, RAP and GAP for any claims released by him under this Agreement.

---
Richard R. Hagan

19